**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4486**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PETER LORENZA ALLEN, a/k/a Peter Lorenzo Allen,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cr-00367-CCE-1)

Submitted:  April 26, 2022                 Decided:  April 28, 2022

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter Lorenza Allen pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to 72 months' imprisonment—9 months above the high end of the advisory Sentencing Guidelines range—and 3 years of supervised release. On appeal, Allen's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Allen's sentence is reasonable. Although notified of his right to do so, Allen has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

We review Allen's sentence for reasonableness under a deferential abuse-of-discretion standard. *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). We then review the substantive reasonableness of the sentence; that is, "we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (cleaned up). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the

2

divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted). However, because our review ultimately is for abuse of discretion, while we "may consider the extent of the deviation," we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, the district court properly calculated Allen's advisory Guidelines range of 51 to 63 months' imprisonment, allowed the parties to present arguments, gave Allen the opportunity to allocute, and considered the relevant § 3553(a) factors. Furthermore, the court thoroughly explained Allen's upward-variant sentence of 72 months' imprisonment. Specifically, the court acknowledged Allen's difficult upbringing, attempts at rehabilitation, and family support, but emphasized that a nine-month variance was necessary in light of Allen's serious obstructive conduct and history of poor performance on probation and supervision. We therefore conclude that Allen's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Allen, in writing, of the right to petition the Supreme Court of the United States for further review. If Allen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Allen.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*